IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO BELLO, MIGUEL SANCHEZ, AND RAFAEL GONZALEZ, on behalf of themselves and all other plaintiffs known and unknown, <br><br> Plaintiffs <br><br> v. <br><br> IVANHOE CLUB; RAYMOND KONDZIELA, INDIVIDUALLY, AND TOM PRICHARD, INDIVIDUALLY <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 07 CV <br><br> Honorable Judge <br><br> Magistrate Judge <br><br> JURY DEMAND |

**FILED**
**DECEMBER 19, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PH

**07 C 7121**

**JUDGE MORAN**
**MAGISTRATE JUDGE BROWN**

## COMPLAINT

NOW COME Plaintiffs, **ANTONIO BELLO, MIGUEL SANCHEZ, AND RAFAEL GONZALEZ,** on behalf of themselves and all other Plaintiffs similarly situated, by and through their attorneys, JOHN W. BILLHORN and the LEGAL ASSISTANCE FOUNDATION OF METROPOLITAN CHICAGO, and for their Complaint against Defendants, **IVANHOE CLUB, RAYMOND KONDZIELA, INDIVIDUALLY, AND TOM PRICHARD, INDIVIDUALLY,** state as follows:

I.   **NATURE OF ACTION**

1.   This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*; and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*; the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*; and the Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1 *et seq*.

II.  **JURISDICTION AND VENUE**

2.   Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, and for the supplemental

Illinois statutory claims, 28 U.S.C. §1367.  Venue lies in the Northern District of Illinois in that Plaintiffs are residents of this district and Defendants are engaged in business in this district.

### III.    PARTIES

3.    Plaintiffs, **ANTONIO BELLO, MIGUEL SANCHEZ, AND RAFAEL GONZALEZ,** (hereinafter "the named Plaintiffs"), and all other Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class"), are either present or past hourly employees of Defendants, who were employed by Defendants at any time during the five years preceding the filing of this action.  As employees performing duties for an enterprise engaged in commerce, the named Plaintiffs and all Plaintiffs similarly situated also were engaged in commerce as defined by the FLSA.

4.    Defendants, **IVANHOE CLUB, RAYMOND KONDZIELA, INDIVIDUALLY, AND TOM PRICHARD, INDIVIDUALLY,** (hereinafter "Defendants"), are engaged in the business of providing landscaping and maintenance services.  As such, Defendants' services qualify as an enterprise engaged in commerce as defined by the FLSA.  During all relevant times, Defendants were acting directly or indirectly in the interest of the employer in relation to **ANTONIO BELLO, MIGUEL SANCHEZ, AND RAFAEL GONZALEZ,** and, therefore, were and are "employers" as defined under both the federal and state statutes relied upon herein.

### IV.    CLASS ALLEGATIONS

**Fair Labor Standards Act**

5.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Counts I, II, and III of this action are maintained by the named Plaintiffs as an opt-in representative action, for and on behalf of themselves and other past and present hourly employees similarly situated, who have been or will in the future be damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.*  Count I alleges the Defendants failed to pay Plaintiffs and the members of the Plaintiff Class time and one-half for hours worked in excess of forty (40) hours in a work week.  Count II alleges a willful violation of the FLSA

and seeks an additional, third year of back pay. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260. The named Plaintiffs seek to send Notice to all similarly situated hourly employees who were employed by Defendants at any time during the three years preceding the filing of this action, who have been denied proper overtime compensation, as required by 29 U.S.C. §216(b) and supporting case law.

**Illinois Minimum Wage Law**

6. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 et seq., Count IV of this action is brought by Plaintiffs to recover unpaid back wages earned on or after the date three (3) years prior to the filing of this action.

**Illinois Wage Payment and Collection Act**

7. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 et seq., Count V of this action is brought by Plaintiffs to recover unpaid back wages earned on or after the date five (5) years prior to the filing of this action

V. **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

8. The named Plaintiffs and all other members of the Plaintiff Class, known and unknown, at all times pertinent to the cause of action, were or are employed by Defendants, said employment being integral and indispensable to Defendants' business.

9. The named Plaintiffs, and all similarly situated members of the Plaintiff Class, were compensated as hourly employees for purposes of payroll compensation, but denied compensation for all hours worked.

10. Plaintiffs and members of the Plaintiff Class were required to perform work for the benefit of the employer without pay for those hours worked but not counted in violation of the federal and state statutes herein relied upon.

11.     In many instances, had the above described work been properly counted as work hours, the overall hours Plaintiffs and members of the Plaintiff Class worked would have exceeded forty (40) hours in single work weeks, thereby entitling Plaintiff and members of the Plaintiff Class to a premium rate of time and one-half their regular hourly rate for those unpaid hours. At other times had the work been properly counted as work hours, Plaintiffs were denied their regular rate of pay.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-11    Paragraphs 1 through 11 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 11 of this Count I.

12.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et seq., and the Portal-to-Portal Act, 29 U.S.C. §251 et seq., the named Plaintiffs and members of the Plaintiff Class are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the two (2) years preceding the filing of this action.

13.     Defendants have at all times relevant hereto required employees to work off the clock without pay. Defendants have also failed and refused to pay compensation to employees, including the named Plaintiffs herein, at the rate of one and one-half times the regular hourly wage rate for hours worked over forty (40) in a work week, all as required by the FLSA.

WHEREFORE, the named Plaintiffs, on behalf themselves and all other members of the Plaintiff Class, respectfully request this Court to enter an order:

(a)     awarding back pay equal to the amount of all unpaid compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid compensation;

(c) awarding the Plaintiffs reasonable attorneys' fees incurred by the Billhorn Law Firm, and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) awarding such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-11   Paragraphs 1 through 11 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 11 of Count II.

12.   Defendants have, both in the past and presently, willfully failed to pay the named Plaintiffs and members of the Plaintiff Class for work weeks in excess of forty (40) hours per week at a rate equal to one and one-half times their regular rate of pay, despite the fact that Defendants knew, or should have known, of the requirements of the Fair Labor Standards Act.

13.   Defendants continue a pattern of deliberate, voluntary, intentional, and willful violation of the Fair Labor Standards Act.

14.   Pursuant to the Fair Labor Standards Act, Plaintiffs and all members of the Plaintiff Class are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all the hours worked in excess of forty (40) in any week in the three (3) years preceding the filing of this complaint.

WHEREFORE, the named Plaintiffs, on behalf of themselves and all members of the Plaintiff Class, respectfully request this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation and all improper deductions from compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint, pursuant to 29 U.S.C. 255(a)

(b) awarding prejudgment interest with respect to the amount of unpaid compensation;

(c) awarding Plaintiffs the reasonable attorney's fees incurred by the Billhorn Law Firm, and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) awarding such additional relief as the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES

## UNDER THE FAIR LABOR STANDARDS ACT

1-11. Paragraphs 1 through 11 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 11 of Count III.

12. In denying the named Plaintiffs and members of the Plaintiff Class compensation at a rate of one and one-half times their hourly rate of pay for hours worked over forty (40) in a work week, Defendants did not act in good faith or based on reasonable grounds.

13. The named Plaintiffs and all members of the Plaintiff Class are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, the named Plaintiffs, on behalf of themselves and all members of the Plaintiff Class, respectfully request this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation and illegal deductions from pay;

(b) awarding Plaintiffs the reasonable attorneys' fees incurred by the Billhorn Law Firm, and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT IV

## SUPPLEMENTAL STATE-LAW CLAIM

## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-11  Paragraphs 1 through 11 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 11 of Count IV.

12. The Illinois Minimum Wage Law provides that one and one-half times their regular rate of pay must be paid to employees for work performed in excess of 40 hours in a work week.

13. Defendants' failure to pay the overtime wages as described has been willful and/or in bad faith.

WHEREFORE, the named Plaintiffs request this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiffs are entitled;

Plaintiffs further request that:

(c) this Court retain jurisdiction of the case until such time as it is assured that Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) this Court order Defendants to pay to Plaintiffs the reasonable attorneys' fees incurred by the Billhorn Law Firm, costs, and litigation expenses, as provided by statute; and

(e) this Court award whatever additional relief it deems just and appropriate under the circumstances.

## COUNT V

## SUPPLEMENTAL STATE-LAW CLAIM

## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

1-11   Paragraphs 1 through 11 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 11 of this Count V.

12.   The Illinois Wage Payment and Collection Act, Section 2, defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties . . . ."  Payment to separated employees is termed "final compensation" and defined as "wages, salaries, earned commissions, earned bonuses . . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties."  As part of the employment agreement between the parties herein, Defendants agreed to pay compensation in compliance with state and federal regulations and law.

13.   The Illinois Wage Payment and Collection Act, Section 4 provides that "[A]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages

were earned." Plaintiffs have been denied payment of rightful overtime wages for varying amounts of time in excess of 13 days from the time the overtime pay was earned.

14. The Illinois Wage Payment and Collection Act, Section 5, provides "[E]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." Plaintiffs herein have been denied payment of their rightful overtime wages for varying amounts of time in excess of the next scheduled pay day after their separation.

15. Defendants' acts as complained of herein and described above, namely the continuing refusal and failure to pay the earned overtime wages to Plaintiffs, constitute a violation of the Illinois Wage Payment and Collection Act.

**WHEREFORE,** the named Plaintiffs request this Court to enter an order:

(a) declaring and decreeing that Defendants' compensation practices and illegal deductions as described herein, and such other violations which may come to light during the prosecution of this matter, violate the provisions of the Illinois Wage Payment and Collection Act;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiffs are entitled; and

(c) mandating that this Court retain jurisdiction of the case until such time as it is assured that Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

Plaintiffs further request that:

(d) this Court order Defendants to pay to Plaintiffs the reasonable attorneys' fees incurred by the Billhorn Law Firm, all costs, and litigation expenses, as provided by statute; and

(e) this Court award whatever additional relief it deems just and appropriate under the circumstances.

Respectfully submitted,

s/ John W. Billhorn
*Electronically Filed 12-18-2007*

_____
John W. Billhorn, attorney for Plaintiffs, and all other members of the Plaintiff class.

JOHN W. BILLHORN
BILLHORN LAW FIRM
515 N. State Street / Suite 2200
Chicago, IL 60610
(312) 464-1450

MICHAEL C. KEBERLEIN GUTIERREZ
VINCENT H. BECKMAN III
Attorneys for Plaintiff Miguel Sanchez
Legal Assistance Foundation of Metropolitan Chicago
Illinois Migrant Legal Assistance Project
111 W. Jackson, Suite 300
Chicago, IL 60604
(312) 423-5902

*B*ILLHORN
*L*AW
*F*IRM
--------------------
515 N. State Street / Suite 2200
Chicago, IL 60610
Tele:   (312) 464-1450
Fax:    (312) 464-1459

## CONSENTIMIENTO PARA SER PARTE DE LA DEMANDA

Entrando en este acuerdo el dia __14__ de __Agosto__ del 2007, entre __Antonio Bello__ (Cliente) y John W. Billhorn, (Abogado), Por medio de la presente autorizo y comprometo a Billhorn Law Firm de proseguir los sueldos atrazados y otros derechos en contra de IVANHOE CLUB, RAYMOND KONDZIELA, INDIVIDUALLY, AND TOM PRICHARD, INDIVIDUALLY. Yo el abajo firmante, __Antonio Bello__, Por medio de la presente doy mi consentimiento para ser parte de la demanda.

_Antonio Bello_
FIRMA DEL CLIENTE

## CONSENT TO BE PARTY PLAINTIFF

This agreement, entered into on this __14__ day of __August__, 2007 between __Antonio Bello__ (Client) and John W. Billhorn, (Attorney), hereby authorizes and engages the Billhorn Law Firm to pursue back wages and other relief against IVANHOE CLUB, RAYMOND KONDZIELA, INDIVIDUALLY, AND TOM PRICHARD, INDIVIDUALLY and by his signature below, __Antonio Bello__, hereby consents to be a party Plaintiff in said law suit.

_Antonio Bello_
CLIENT'S SIGNATURE

1

𝓑ILLHORN
𝓛AW
𝓕IRM
--------------------
515 N. State Street / Suite 2200
Chicago, IL 60610
Tele:  (312) 464-1450
Fax:   (312) 464-1459

## CONSENTIMIENTO PARA SER PARTE DE LA DEMANDA

Entrando en este acuerdo el dia __10__ de __Septiembre__ del 2007, entre __Miguel Sanchez__ (Cliente) y John W. Billhorn, (Abogado), Por medio de la presente autorizo y comprometo a Billhorn Law Firm de proseguir los sueldos atrazados y otros derechos en contra de IVANHOE CLUB, RAYMOND KONDZIELA, INDIVIDUALLY, AND TOM PRICHARD, INDIVIDUALLY. Yo el abajo firmante, __Miguel Sanchez__, Por medio de la presente doy mi consentimiento para ser parte de la demanda.

_Miguel Angel Sanchez_
FIRMA DEL CLIENTE

## CONSENT TO BE PARTY PLAINTIFF

This agreement, entered into on this __10__ day of __September__, 2007 between __Miguel Sanchez__ (Client) and John W. Billhorn, (Attorney), hereby authorizes and engages the Billhorn Law Firm to pursue back wages and other relief against IVANHOE CLUB, RAYMOND KONDZIELA, INDIVIDUALLY, AND TOM PRICHARD, INDIVIDUALLY and by his signature below, __Miguel Sanchez__, hereby consents to be a party Plaintiff in said law suit.

_Miguel Angel Sanchez_
CLIENT'S SIGNATURE

1

𝓑ILLHORN
𝓛AW
𝓕IRM

---------------------
515 N. State Street / Suite 2200
Chicago, IL 60610
Tele:   (312) 464-1450
Fax:    (312) 464-1459

## CONSENTIMIENTO PARA SER PARTE DE LA DEMANDA

Entrando en este acuerdo el dia __13__ de __December__ del 2007, entre __Rafael Gonzalez__ (Cliente) y John W. Billhorn, (Abogado), Por medio de la presente autorizo y comprometo a Billhorn Law Firm de proseguir los sueldos atrazados y otros derechos en contra de IVANHOE CLUB, RAYMOND KONDZIELA, INDIVIDUALLY, AND TOM PRICHARD, INDIVIDUALLY. Yo el abajo firmante, __Rafael Gonzalez__, Por medio de la presente doy mi consentimiento para ser parte de la demanda.

*Rafael Gonzalez*
FIRMA DEL CLIENTE

## CONSENT TO BE PARTY PLAINTIFF

This agreement, entered into on this __13__ day of __December__, 2007 between __Rafael Gonzalez__ (Client) and John W. Billhorn, (Attorney), hereby authorizes and engages the Billhorn Law Firm to pursue back wages and other relief against IVANHOE CLUB, RAYMOND KONDZIELA, INDIVIDUALLY, AND TOM PRICHARD, INDIVIDUALLY and by his signature below, __Rafael Gonzalez__, hereby consents to be a party Plaintiff in said law suit.

*Rafael Gonzalez*
CLIENT'S SIGNATURE

1