IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO BELLO, MIGUEL SANCHEZ, and RAFAEL GONZALEZ, on behalf of themselves and all other plaintiffs known and unknown,<br>                Plaintiffs,<br>v.<br>IVANHOE CLUB; RAYMOND KONDZIELA, individually, and TOM PRICHARD, individually,<br>                Defendants. | No. 06 7 CV 7121<br><br>Judge Moran<br>Magistrate Judge Brown<br><br>**JURY DEMAND** |

**ANSWER TO COMPLAINT**

NOW COME the Defendants, IVANHOE CLUB, RAYMOND KONDZIELA, and TOM PRICHARD, by their attorney, Gregg Minkow of Hinshaw & Culbertson LLP, answering the Compliant herein as follows:

**I.     NATURE OF ACTION**

1.     This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*; and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*; the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*; and the Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1 *et seq.*

**ANSWER:**

Defendants admit that paragraph 1 has identified the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*; and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*; the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*; and the Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1 *et seq.* as the statutes under which the named Plaintiffs claim to have brought their action, but the defendants deny that the plaintiffs are entitled to any relief under the statutes cited in paragraph 1.

## II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of Fair Labor Standards Act, 29 U.S.C. §§206, 207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*; and for the supplemental Illinois statutory claims, 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that Plaintiffs are residents of this district and Defendants are engaged in business in this district.

### ANSWER:

Defendants admit that venue for determination of plaintiffs' claims would properly lie in this Court if in fact the court had jurisdiction of the subject matter. Defendants deny the remaining allegations of paragraph 2, and deny that any of the claims set forth in the Complaint have any merit.

## III. PARTIES

3. Plaintiffs, ANTONIO BELLO, MIGUEL SANCHEZ, AND RAFAEL GONZALEZ, (hereinafter "the named Plaintiffs"), and all other Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class"), are either present or past hourly employees of Defendants, who were employed by Defendants at any time during the five years preceding the filing of this action. As employees performing duties for an enterprise engaged in commerce, the named Plaintiffs and all Plaintiffs similarly situated also were engaged in commerce as defined by the FLSA.

### ANSWER:

The defendants admit that the named Plaintiffs have been hourly employees of defendant Ivanhoe Club and that they last performed services as employees of Ivanhoe Club within the past five years preceding the filing of the Complaint. The defendants deny the remaining allegations of paragraph 3.

4. Defendants, IVANHOE CLUB, RAYMOND KONDZIELA, INDIVIDUALLY, AND TOM PRICHARD, INDIVIDUALLY, (hereinafter "Defendants"), are engaged in the business of providing landscaping and maintenance services. As such, Defendants' services qualify as an enterprise engaged in commerce as defined by the FLSA. During all relevant times, Defendants were acting directly or indirectly in the interest of the employer in relation to ANTONIO BELLO, MIGUEL SANCHEZ, AND RAFAEL GONZALEZ, and, therefore, were and are "employers" as defined under both the federal and state statutes relied upon herein.

2

**ANSWER:**

Defendants admit that Ivanhoe Club is engaged in the business of providing, among other things, landscaping and maintenance services for the operation of a golf course. Defendants deny that Ivanhoe Club is an enterprise engaged in commerce as defined by the FLSA. Defendants admit that at all relevant times, Raymond Kondziela and Tom Prichard were acting directly or indirectly in the interest of Ivanhoe Club in the performance of their jobs, but deny that Raymond Kondziela performed any acts whatsoever in relation to the named Plaintiffs with respect to their compensation. Defendants also deny that Tom Prichard directly supervised any of the named Plaintiffs. Defendants are not required to respond to the legal conclusion appearing in paragraph 4 as to whether any of the defendants is an "employer" for purposes of the cited statutes. Further, the defendants deny that Ray Kondziela or Tom Prichard are employers within the meaning of any of the federal or state statutes cited in the Complaint. The defendants deny all allegations of paragraph 4 not explicitly admitted here.

### IV.   CLASS ALLEGATIONS

**Fair Labor Standards Act**

5.  Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Counts I, II, and III of this action are maintained by the named Plaintiffs as an opt-in representative action, for and on behalf of themselves and other past and present hourly employees similarly situated, who have been or will in the future be damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count I alleges the Defendants failed to pay Plaintiffs and the members of the Plaintiff Class time and one-half for hours worked in excess of forty (40) hours in a work week. Count II alleges a willful violation of the FLSA and seeks an additional, third year of back pay. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260. The named Plaintiffs seek to send Notice to all similarly situated hourly employees who were employed by Defendants at any time during the three years preceding the filing of this action, who have been denied proper overtime compensation, as required by 29 U.S.C. §216(b) and supporting case law.

**ANSWER:**

6283022v3 798051

Defendants admit that the named Plaintiffs have made certain allegations, that they seek back pay and liquidated damages as remedies pursuant to their claims, and that they seek to send certain notices to other employees. Defendants deny that the named Plaintiffs are entitled to any of the relief they seek, or that any other potential plaintiffs are entitled to such relief. Defendants deny that the named Plaintiffs will be able to establish the factual bases necessary to entitle them to send the opt-in notices they seek to send. Defendants deny the remaining allegations of paragraph 5.

**Illinois Minimum Wage Law**

6. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 et seq., Count IV of this action is brought by Plaintiffs to recover unpaid back wages earned on or after the date three (3) years prior to the filing of this action.

**ANSWER:**

The defendants admit that paragraph 6 has identified the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq., as the statute under which the named Plaintiffs claim to have brought Count IV of their action, but the defendants deny that the plaintiffs are entitled to any relief under the statutes cited in paragraph 6.

**Illinois Wage Payment and Collection Act**

7. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 et seq., Count V of this action is brought by Plaintiffs to recover unpaid back wages earned on or after the date five (5) years prior to the filing of this action.

**ANSWER:**

The defendants admit that paragraph 7 has identified the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 et seq., as the statute under which the named Plaintiffs claim to have brought Count V of their action, but the defendants deny that the plaintiffs are entitled to any relief under the statutes cited in paragraph 7.

6283022v3 798051

## V.   FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

8. The named Plaintiffs and all other members of the Plaintiff Class, known and unknown, at all times pertinent to the cause of action, were or are employed by Defendants, said employment being integral and indispensable to Defendants' business.

**ANSWER:**

Defendants admit that the named Plaintiffs were employed by defendants at various points in time within five years prior to the filing of the Complaint. Defendants deny the remaining allegations of paragraph 8.

9. The named Plaintiffs, and all similarly situated members of the Plaintiff Class, were compensated as hourly employees for purposes of payroll compensation, but denied compensation for all hours worked.

**ANSWER:**

Defendants admit that the named Plaintiffs were compensated as hourly employees of Ivanhoe Club for purposes of payroll compensation. Defendants deny the remaining allegations of paragraph 9.

10. Plaintiffs and members of the Plaintiff Class were required to perform work for the benefit of the employer without pay for those hours worked but not counted in violation of the federal and state statutes herein relied upon.

**ANSWER:**

Defendants deny the allegations of paragraph 10.

11. In many instances, had the above described work been properly counted as work hours, the overall hours Plaintiffs and members of the Plaintiff Class worked would have exceeded forty (40) hours in single work weeks, thereby entitling Plaintiff and members of the Plaintiff Class to a premium rate of time and one-half their regular hourly rate for those unpaid hours. At other times had the work been properly counted as work hours, Plaintiffs were denied their regular rate of pay.

5

**ANSWER:**

Defendants deny the allegations of paragraph 11, and state that the plaintiffs were compensated either at their regular rate of pay, or at a proper overtime rate of pay when required by law, for all hours worked on behalf of Ivanhoe Club.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-11. Paragraphs 1 through 11 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 11 of this Count I.

**ANSWER:**

Defendants reallege and incorporate their answers to paragraphs 1 through 11 above as their answers to paragraphs 1 through 11 of Count I.

12. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et seq., and the Portal-to-Portal Act, 29 U.S.C. §251 et seq., the named Plaintiffs and members of the Plaintiff Class are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the two (2) years preceding the filing of this action.

**ANSWER:**

Defendants deny the allegations of paragraph 12. Defendants state, however, that the named Plaintiffs were paid compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the two (2) years preceding the filing of this action.

13. Defendants have at all times relevant hereto required employees to work off the clock without pay. Defendants have also failed and refused to pay compensation to employees, including the named Plaintiffs herein, at the rate of one and one-half times the regular hourly wage rate for hours worked over forty (40) in a work week, all as required by the FLSA.

**ANSWER:**

Defendants deny the allegations of paragraph 13 and the paragraph's underlying premise.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-11.   Paragraphs 1 through 11 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 11 of Count II.

**ANSWER:**

Defendants reallege and incorporate their answers to paragraphs 1 through 11 of Count I as their answers to paragraphs 1 through 11 of Count II.

12.   Defendants have, both in the past and presently, willfully failed to pay the named Plaintiffs and members of the Plaintiff Class for work weeks in excess of forty (40) hours per week at a rate equal to one and one-half times their regular rate of pay, despite the fact that Defendants knew, or should have known, of the requirements of the Fair Labor Standards Act.

**ANSWER:**

Defendants deny the allegations of paragraph 12.

13.   Defendants continue a pattern of deliberate, voluntary, intentional, and willful violation of the Fair Labor Standards Act.

**ANSWER:**

Defendants deny the allegations of paragraph 13.

14.   Pursuant to the Fair Labor Standards Act, Plaintiffs and all members of the Plaintiff Class are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all the hours worked in excess of forty (40) in any week in the three (3) years preceding the filing of this complaint.

**ANSWER:**

Defendants deny the allegations of paragraph 14.  However, the defendants state that the named Plaintiffs were paid compensation at a rate of one and one-half times their regular rate of

7

pay for all hours worked in excess of forty (40) hours in any week during the three (3) years preceding the filing of this action.

## COUNT III

## LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT

1-11.   Paragraphs 1 through 11 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 11 of Count III.

**ANSWER:**

Defendants reallege and incorporate their answers to paragraphs 1 through 11 of Count I as their answers to paragraphs 1 through 11 of Count III.

12.   In denying the named Plaintiffs and members of the Plaintiff Class compensation at a rate of one and one-half times their hourly rate of pay for hours worked over forty (40) in a work week, Defendants did not act in good faith or based on reasonable grounds.

**ANSWER:**

Defendants deny the allegations of paragraph 12, along with its underlying premise.

13.   The named Plaintiffs and all members of the Plaintiff Class are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. §260.

**ANSWER:**

Defendants deny the allegations of paragraph 13, along with its underlying premise.

## COUNT IV

## SUPPLEMENTAL STATE-LAW CLAIM

## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-11.   Paragraphs 1 through 11 are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 11 of Count IV.

**ANSWER:**

6283022v3 798051

Defendants reallege and incorporate their answers to paragraphs 1 through 11 above as their answers to paragraphs 1 through 11 of Count IV.

12. The Illinois Minimum Wage Law provides that one and one-half time their regular rate of pay must be paid to employees for work performed in excess of 40 hours in a work week.

**ANSWER:**

Defendants deny the allegations of paragraph 12. Defendants admit that the Illinois Minimum Wage Law does, in fact, provide that certain non-exempt employees are entitled to be paid one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in a particular work week, but that is not the full extent of what that Law provides.

13. Defendants' failure to pay the overtime wages as described has been willful and/or in bad faith.

**ANSWER:**

Defendants deny the allegations of paragraph 13, along with its underlying premise.

## COUNT V

## SUPPLEMENTAL STATE-LAW CLAIM

## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

1-11. Paragraphs 1 through 11 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 11 of this Count V.

**ANSWER:**

Defendants reallege and incorporate their answers to paragraphs 1 through 11 of Count I as their answers to paragraphs 1 through 11 of Count V.

12. The Illinois Wage Payment and Collection Act, Section 2, defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties . . . ." Payment to separated employees is termed "final compensation" and defined as "wages, salaries, earned commissions, earned bonuses . . . and any other compensation owed the employee by the employer pursuant to an employment contract or

agreement between the two parties." As part of the employment agreement between the parties herein, Defendants agreed to pay compensation in compliance with state and federal regulations and law.

**ANSWER:**

Defendants admit that as part of the employment relationship between themselves and the named Plaintiffs, the defendants were required to pay compensation in compliance with state and federal regulations and law. Defendants also admit that the language between the quotation marks in paragraph 12, except for minor variations, accurately tracks a portion of the content of Section 2 of the Illinois Wage Payment and Collection Act. Defendants deny the remaining allegations of paragraph 12, and state, further, that the Illinois Wage Payment and Collection Act, at Section 2 and other portions thereof, speaks for itself.

13. The Illinois Wage Payment and Collection Act, Section 4 provides that "[A]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned." Plaintiffs have been denied payment of rightful overtime wages for varying amounts of time in excess of 13 days from the time the overtime pay was earned.

**ANSWER:**

Defendants admit that the language between the quotation marks in paragraph 13 accurately tracks a portion of the content of Section 4 of the Illinois Wage Payment and Collection Act. Defendants deny the remaining allegations of paragraph 13.

14. The Illinois Wage Payment and Collection Act, Section 5, provides "[E]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." Plaintiffs herein have been denied payment of their rightful overtime wages for varying amounts of time in excess of the next scheduled pay day after their separation.

**ANSWER:**

Defendants admit that the language between the quotation marks in paragraph 14 accurately tracks a portion of the content of Section 5 of the Illinois Wage Payment and Collection Act. Defendants deny the remaining allegations of paragraph 14.

15. Defendants' acts as complained of herein and described above, namely the continuing refusal and failure to pay the earned overtime wages to Plaintiffs, constitute a violation of the Illinois Wage Payment and Collection Act.

**ANSWER:**

Defendants deny the allegations of paragraph 15, along with its underlying premise.

WHEREFORE, the Defendants ask that the Court deny all relief sought by the Plaintiffs in their Complaint.

**AFFIRMATIVE DEFENSES**

Defendants state as follows by way of affirmative defenses, without thereby conceding that they have the burden of proof as to the matters so alleged, with all affirmative defenses pled in the alternative of one another, and in the alternative of defendants' denials, above, as to matters which the named Plaintiffs have alleged:

1. The plaintiffs' claims are barred by the applicable statute of limitations, pursuant to 29 U.S.C. §§ 255(a) and 216, and other applicable law.

2. The plaintiffs' claims are barred by the doctrines of waiver, laches, and estoppel.

3. If plaintiffs worked any uncompensated hours, it was without the knowledge and without the consent of the defendants.

4. The defendants are exempt from the coverage of the federal Fair Labor Standards Act and Portal-to-Portal Act under 29 U.S.C. § 213(a)(3) and other applicable law. The golf course is the establishment where the named Plaintiffs were employed; in some years it was not open more than seven months, and in all years the receipts properly attributed were, in the slow

six months of the year, not more than one-third of the receipts for the busy six months of the year.

WHEREFORE, the relief sought by the named Plaintiffs should be denied.

### JURY DEMAND

Defendants demand trial by 12-person jury on all matters where permitted by law.

IVANHOE CLUB, RAYMOND KONDZIELA, and TOM PRICHARD, Defendants

By: s/Gregg I. Minkow
One of their Attorneys

Gregg I. Minkow, ARDC No. 6181058
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, IL  60601
312-704-3000
312-704-3001  Fax
Atty. ID 6181058

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on February 19, 2008, Defendants' **Answer to Complaint,** was electronically file using the CM/ECF system which will send notification of such filing to all attorneys of record.

s/Gregg I. Minkow  
Gregg I. Minkow

6283022v3 798051