## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO BELLO, MIGUEL SANCHEZ, AND RAPHEAL GONZALEZ, on behalf of themselves and all other plaintiffs known and unknown, | ) ) ) ) ) | Nº. 07 CV 7121 **Honorable Judge Moran** |
| Plaintiffs | ) ) | |
| v. | ) ) ) | *JURY DEMAND* |
| IVANHOE CLUB, RAYMOND KONDZIELA, INDIVIDUALLY, AND TOM PRICHARD, INDIVIDUALLY | ) ) ) ) | |
| Defendants | ) | |

## PLAINTIFFS' MOTION TO COMPEL
## DEFENDANTS TO RESPOND TO WRITTEN DISCOVERY

NOW COME Plaintiffs, **ANTONIO BELLO, MIGUEL SANCHEZ, AND RAPHEAL GONZALEZ**, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, through their attorney of record, JOHN W. BILLHORN, and for their **Motion To Compel Defendants To Respond To Written Discovery**, state as follows:

1.　　This Court held an initial status hearing on Tuesday, February 26, 2008, which was attended telephonically by Plaintiffs' counsel. Defense counsel failed to appear.

2.　　With the permission of the Court as stated during the status, Plaintiffs initiated written discovery the next day (February 27, 2008), and served upon Defendants Plaintiffs' First Set of Interrogatories, First Request For Production of Documents and First Request To Admit Facts. The case, as discussed during the initial status, is a Fair Labor

Standards Act case under 29 USC Section 216(b), which permits the sending of Notice and Consent forms to individuals found to be similarly situated to past and present employees, if any, inviting said individuals to join the case and make their claims.   Plaintiffs' initial phase of discovery is directed, in part, at the issue of whether or not such other similarly situated individuals exist.   Copies of the pertinent discovery are attached hereto as Exhibit A.

3.   On that same day in a telephone message from defense counsel, defense counsel indicated that regardless of what was discussed at the initial status in his absence, Defendants would not be responding to any written discovery because it is Defendants view that Plaintiffs are not entitled to discovery on the subject of similarly situated employees. Pursuant to the requirements of Local Rule 37.2, Plaintiffs' counsel telephoned defense counsel, Gregg Minkow, on Thursday, February 28, 2008 and in that telephone conversation Mr. Minkow reiterated that Defendants would not respond to the written discovery and invited Plaintiffs' counsel "to file whatever Motion [he] wanted".

4.   As a cursory review of Plaintiffs' written discovery illustrates, the discovery is legitimate inquiry into the threshold matters of the case, including but not limited to the existence of other similarly situated past and present employees.   Whatever defense Defendants believes they possess to these claims, it is elementary that Plaintiffs are not foreclosed at this early juncture to make reasonable inquiry via legitimate discovery. Defendants' resistance in this regard is in bad faith and designed to delay these proceedings, and the conduct is sanctionable under the Rules.

WHEREFORE, Plaintiffs request this Court enter an order requiring Defendants to answer Plaintiffs' written discovery in a timely manner according to the Rules, and for such other relief as the Court deems appropriate under the circumstances, including but limited to awarding the fees and costs incurred by Plaintiffs as a result of Defendants' refusal to respond to discovery.

Respectfully submitted,

***Electronically Filed 2/28/2008***

s/ John W. Billhorn

_____

John W. Billhorn

BILLHORN LAW FIRM
515 N. State Street / Suite 2200
Chicago, Illinois 60610
(312) 464-1450