IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO BELLO, MIGUEL SANCHEZ, AND RAPHEAL GONZALEZ, on behalf of themselves and all other plaintiffs known and unknown, | ) ) ) ) ) ) | Nº. 07 CV 7121<br><br>**Honorable Judge Moran** |
| Plaintiffs | ) ) | |
| v. | ) ) | *JURY DEMAND* |
| IVANHOE CLUB, RAYMOND KONDZIELA, INDIVIDUALLY, AND TOM PRICHARD, INDIVIDUALLY | ) ) ) ) | |
| Defendants | ) | |

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO DEFENDANTS**

NOW COME Plaintiffs, ANTONIO BELLO, MIGUEL SANCHEZ AND RAPHAEL GONZALEZ, through their attorney of record, and pursuant to Federal Rule of Civil Procedure 33, hereby request of Defendants, IVANHOE CLUB, RAYMOND KONDZIELA, INDIVIDUALLY, AND TOM PRICHARD, INDIVIDUALLY, answers to the following Interrogatories within the time allowed by Rule 33.

1.      Please identify by name and address all individuals who contributed any information used in conjunction with any answer contained herein, and specifically identify what information was contributed by each such individual and to what specific interrogatory the information was contributed.

        ANSWER:

1

2.      Please state whether the corporate Defendant manages and administer its own payroll system for employee compensation.  If Defendant does not maintain its own payroll system, please list the name and address of each company or entity the corporate Defendant has utilized for said payroll system services within the last five (5) years.

ANSWER:

3.   Please state the specific job title of the named Plaintiffs and produce all contents of each Plaintiff's employee file.

ANSWER:

4.   Please state each and every job title or category utilized within Defendants' company, and for each such job title or category please indicate the number of past and present employees who have been employed in each job title or category within the five (5) years preceding the filing of this complaint.

ANSWER:

5.  For each job title or category identified in response to Interrogatory No. 4, please state Defendants' method or manner of compensation of employees within each job title or category and identify any and all wage and hour exemptions claimed for any of the job titles or categories identified.  (Answer may be limited to five (5) years preceding the filing of this complaint.)

ANSWER:

6.  For the five (5) years preceding the filing of this Complaint, please state the day-to- day job duties of the named Plaintiffs.  If a written job description pertaining to Plaintiffs' job title exists, please produce the same.

ANSWER:

7.  For the five years (5) preceding the filing of this complaint, please identify by name and address each and every individual who has worked in the same or similar job category as the named Plaintiffs herein.

ANSWER:

8.  For each of the past and present employees identified in answer to Interrogatory No. 7, if any individual's general day-to-day job duties were different than those of the named Plaintiffs (as described in your answer to Interrogatory No. 6 above), please describe in substance the manner in which any such individual's day-to-day job duties differed from those of the named Plaintiffs.

ANSWER:

9.  For each job category identified in Response to Interrogatory #4, for the years (5) preceding the filing of this complaint, please identify the manner in which Defendant recorded, or otherwise documented the amount of time employees worked (i.e., computer log-on, electronic punch or swipe system, manual, hand written time sheet, etc.,) and describe the sequence of payroll processing, including the identify of any individuals responsible for said process from the point in which the employee time is recorded to the issuance of the payroll check.

ANSWER:

10.    For the five years (5) proceeding the filing of this complaint, please identify by name and address each and every individual who has been compensated in a manner the same or similar to Plaintiffs' compensation herein.

ANSWER:

11.    Please explain in detail each and every time keeping system utilized by Defendant(s) to record working time of the employees for the last five (5) years prior to filing of this case.

ANSWER:

12.    If any portion of Plaintiffs' First Request To Admit Facts, Request No. 1, is denied or only partially admitted, please state with specificity all facts known to Defendants which support the denial or partial admission, and identify the person or persons who have knowledge of such facts.

ANSWER:

13.    If any portion of Plaintiffs' First Request To Admit Facts, Request No. 2, is denied or only partially admitted, please state with specificity all facts known to Defendants which support the denial or partial admission, and identify the person or persons who have knowledge of such facts.

ANSWER:

14.   If any portion of Plaintiffs' First Request To Admit Facts, Request No. 3, is denied or only partially admitted, please state with specificity all facts known to Defendants which support the denial or partial admission, and identify the person or persons who have knowledge of such facts.

ANSWER:

15.   If any portion of Plaintiffs' First Request To Admit Facts, Request No. 4 is denied or only partially admitted, please state with specificity all of the facts known to Defendants which support the denial or partial admission, and identify the person or persons who have knowledge of such facts.

ANSWER:

16.   Please identify any and all investigations, audits, inquiries or other involvement Defendants have had at any time with any government agency related to Defendants' wage and hour or compensation policies and practices, including but not limited to any investigations, audits, inquiries or other involvement with the United States

Department of Labor or the Illinois Department of Labor. For each circumstance identified, please also state the nature or subject of such investigation, the date upon which the event occurred and pursuant to Plaintiffs' Request For Production, please produce copies of any and all documents related.

ANSWER:

17.    Please state with specificity each and every fact relied upon in support of Defendant(s) affirmative defense #1 and identify any and all documents relating to said facts and / or defenses.

ANSWER:

18.    Please state with specificity each and every fact relied upon in support of Defendant(s) affirmative defense #2 and identify any and all documents relating to said facts and / or defenses.

ANSWER:

19.    Please state with specificity each and every fact relied upon in support of Defendant(s) affirmative defense #3 and identify any and all documents relating to said facts and / or defenses.

ANSWER:

20.    Please state with specificity each and every fact relied upon in support of Defendant(s) affirmative defense #4 and identify any and all documents relating to said facts and / or defenses.

ANSWER:


Respectfully Submitted,

C O P Y


_____

John W. Billhorn


BILLHORN LAW FIRM
515 N. State Street / Suite 2200
Chicago, IL 60610
(312) 464-1450

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO BELLO, MIGUEL SANCHEZ, AND RAPHEAL GONZALEZ, on behalf of themselves and all other plaintiffs known and unknown, | ) ) ) ) ) ) | Nᵒ. 07 CV 7121<br><br>**Honorable Judge  Moran** |
| Plaintiffs | ) ) ) | |
| v. | ) ) | *JURY DEMAND* |
| IVANHOE CLUB, RAYMOND KONDZIELA, INDIVIDUALLY, AND TOM PRICHARD, INDIVIDUALLY | ) ) ) ) | |
| Defendants | ) | |

## PLAINTIFFS'  REQUEST FOR
## THE PRODUCTION OF DOCUMENTS TO DEFENDANTS

NOW COME Plaintiffs, **ANTONIO BELLO, MIGUEL SANCHEZ, AND RAPHEAL GONZALEZ**, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, and requests that Defendants, **IVANHOE CLUB, RAYMOND KONDZIELA, INDIVIDUALLY, AND TOM PRICHARD, INDIVIDUALLY,** (hereinafter "Defendants") produce for inspection and copying at the law offices of Billhorn Law Firm, 515 N. State Street, Suite 2200, Chicago, Illinois, the documents and things requested below in the manner, form and time limit provided by Rule 34 of the Federal Rules of Civil Procedure and in accordance with the definitions and instructions contained in Section 1 hereof.  If claiming privilege related to any requested document, describe the document as detailed in Definition "H" (13) and state the basis for claiming the privilege.

## SECTION I

## Definitions and Instructions

A.  The term "Complaint" as used herein refers to the Complaint in Case No. 07 CV 7171 filed by Plaintiff in the United States District Court for the Northern District of Illinois, designated **ANTONIO BELLO, MIGUEL SANCHEZ, AND RAPHEAL GONZALEZ** v **IVANHOE CLUB, RAYMOND KONDZIELA, INDIVIDUALLY, AND TOM PRICHARD, INDIVIDUALLY.**

B.  The singular number and the masculine gender as used herein shall embrace and be read and applied as the plural or feminine or the neuter, as circumstances may be appropriate.

C.  The term "person" as used herein shall be deemed to mean in the plural as well as in the singular, any natural person, firm, association, partnership, corporation, governmental agency or other form of legal entity.

D.  The term "document" means all written, printed, or otherwise recorded matter of any kind, including, but not limited to legal documents, letters, memoranda, business records, interoffice communications, photographs, and data stored electronically or by other means, which are in the possession or control of the answering party.

E.  A "communication" means all oral conversations, discussions, letters, telegrams, memoranda, and any other transmission of information in any form, both oral and written.

F.  The term "Defendant" as used herein means Defendants, **IVANHOE CLUB, RAYMOND KONDZIELA, INDIVIDUALLY, AND TOM PRICHARD, INDIVIDUALLY,** and their agents, attorneys and representatives.

G.  The term "Plaintiff" as used herein refers to Plaintiffs, **ANTONIO BELLO, MIGUEL SANCHEZ, AND RAPHEAL GONZALEZ,** and all other proper past and present employees of Defendants'.

H.  Whenever you are asked the identity of or to identify a document, with respect to each such document, state to the extent applicable:

    (1)      its nature (e.g., letter, memorandum, photograph,  photograph record, tape, etc.);

(2)    the date it was prepared;

(3)    the date it bears;

(4)    the date it was sent;

(5)    the date it was received;

(6)    the identity of the person sending it;

(7)    the identity of each person to who it was sent (whether "cc" or "bcc" recipients);

(8)    the identity of the person preparing it;

(9)    a statement as to whom each person represented or purported to represent;

(10)   a statement summarizing the substance of the document;

(11)   a precise description of the place where said document is presently kept, including:

   (a)    the title or description of the file in which such document would be found; and

   (b)    the exact location of such file;

(12)   the identity of all persons who previously had custody of said document; and

(13)   whether you claim any privilege as to such document and, if so, which privilege you claim and the precise statement of the facts upon which said claim of privilege is based.

I.    This request to produce is deemed continuing and Defendants, upon acquiring any material responsive thereto after the production of documents hereto, shall produce such supplemental documents as are later acquired.

## SECTION II

1.  The complete employee file of the named Plaintiffs, **ANTONIO BELLO, MIGUEL SANCHEZ, AND RAPHEAL GONZALEZ,** and the complete employee file of each and every person who joins this case in the future.

2.      A complete copy of any and all printed materials indicating a job description for the position held by the Plaintiffs, **ANTONIO BELLO, MIGUEL SANCHEZ, AND RAPHEAL GONZALEZ**, as well as for all other positions identified in response to Plaintiffs' Interrogatory No. 4.

3.      For each circumstance identified in Interrogatory No. 12, No. 13, No. 14, No. 15, please produce any and all copies of any documents related.

4.      Any and all payroll records in Defendants' possession indicating compensation paid to Plaintiff within the last five (5) years.

5.   Copies of any and all time cards relative to Plaintiffs for the last five (5) and any and all time cards of any Plaintiffs who join the case in the future.

6.   A complete copy of any and all printed materials indicating the practices, procedures or policies utilized in Defendants' payroll system, including but not limited to any written company policies pertaining to the issue of salary compensation and/or overtime compensation.

7.  A complete copy of any and all employee handbooks, booklets, pamphlets, or any other such printed material, indicating Defendants' employment instructions, practices, policies, or procedures utilized within the last five (5) years.

8.  Complete copies of all corporate federal income tax returns filed in the years 2007, 2006, 2005, 2004, 2003, and 2002.

9.  Complete copies of quarterly federal income tax returns filed in 2007, 2006, 2005, 2004, 2003, 2002, and 2001.

10.  Copies of any and all reports submitted to Illinois Department of Employment Security for the years 2007, 2006, 2005, 2004, 2003, and 2002.

Respectfully Submitted,

COPY

_____

John W. Billhorn

BILLHORN LAW FIRM
515 N. State Street / Suite 2200
Chicago, IL 60610
(312) 464-1450

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTONIO BELLO, MIGUEL SANCHEZ, AND RAPHEAL GONZALEZ, on behalf of themselves and all other plaintiffs known and unknown, | )<br>)<br>)<br>)<br>)<br>) |
| | )<br> |
| Plaintiffs | )<br>) |
| | ) |
| v. | )<br>) |
| | ) |
| IVANHOE CLUB, RAYMOND KONDZIELA, INDIVIDUALLY, AND TOM PRICHARD, INDIVIDUALLY | )<br>)<br>)<br>) |
| | ) |
| Defendants | ) |

N<u>o.</u> 07 CV 7121

**Honorable Judge  Moran**

*<u>JURY DEMAND</u>*

**<u>PLAINTIFFS' FIRST REQUEST TO ADMIT FACTS</u>**

NOW COME the Plaintiffs, **ANTONIO BELLO, MIGUEL SANCHEZ, AND RAPHEAL GONZALEZ**, by and through their attorney, JOHN W. BILLHORN, and pursuant to Fed.R.Civ.P 36, hereby submits their First Request to Admit to Defendants, **IVANHOE CLUB, RAYMOND KONDZIELA, INDIVIDUALLY, AND TOM PRICHARD, INDIVIDUALLY,** as follows:

1.      Prior to the filing of this action, Defendants did not take affirmative steps to ascertain the requirements of the Fair Labor Standards Act as the Act relates to the requirement to pay over time compensation to its employees.

**ANSWER:**

2.    Prior to the filing of this action, Defendants did not act reasonably and with good faith to determine whether its compensation practices were compliant with the provisions of the Fair Labor Standards Act.

**ANSWER:**

3.    There exists other past employees of **IVANHOE CLUB, RAYMOND KONDZIELA, INDIVIDUALLY, AND TOM PRICHARD, INDIVIDUALLY,** who have performed work the same or similar to the Plaintiffs, **ANTONIO BELLO, MIGUEL SANCHEZ, AND RAPHEAL GONZALEZ**, and who have not been compensated at one and one half times their regular hourly rate for all hours in excess of 4o per work week.

**ANSWER:**

4.    There exists other current employees of **IVANHOE CLUB, RAYMOND KONDZIELA, INDIVIDUALLY, AND TOM PRICHARD, INDIVIDUALLY,** who have performed work the same or similar to the Plaintiffs, **ANTONIO BELLO, MIGUEL SANCHEZ, AND RAPHEAL GONZALEZ**, and who have not been compensated at one and one half times their regular hourly rate for all hours in excess of 4o per work week.

**ANSWER:**

Respectfully Submitted,

COPY

_____

John W. Billhorn

BILLHORN LAW FIRM
515 North State Street / Suite 2200
Chicago, IL 60610
(312) 464-1450

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO BELLO, MIGUEL SANCHEZ, AND RAPHEAL GONZALEZ, on behalf of themselves and all other plaintiffs known and unknown, | ) ) ) ) ) No. 07 CV 7121 ) ) Honorable Judge Moran |
| Plaintiffs | ) ) |
| v. | ) ) ) JURY DEMAND |
| IVANHOE CLUB, RAYMOND KONDZIELA, INDIVIDUALLY, AND TOM PRICHARD, INDIVIDUALLY | ) ) ) ) |
| Defendants | ) |

## CERTIFICATE OF SERVICE

TO:    Gregg I. Minkow, et al
       Hinshaw & Culbertson, LLP
       222 N. LaSalle Street, Suite 300
       Chicago, IL 60601

The undersigned hereby attests under oath that on February 27, 2008, she caused to be served upon the attorneys of record herein **PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS, PLAINTIFFS' REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS, AND PLAINTIFFS' REQUEST TO ADMIT TO DEFENDANTS,** by deposit of the same in US Postal Service located at 515 N. State Street, Chicago, IL postage paid.

Jodi S. Hoare

BILLHORN LAW FIRM
515 N. State Street / Suite 2200
Chicago, IL 60610
(312) 464-1450

1