IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO BELLO, MIGUEL SANCHEZ, and RAFAEL GONZALEZ, on behalf of themselves and all other plaintiffs known and unknown,<br>      Plaintiffs,<br>v.<br><br>IVANHOE CLUB; RAYMOND KONDZIELA, individually, and TOM PRICHARD, individually,<br>      Defendants. | No. 07 CV 7121<br><br>Honorable Judge James B. Moran<br>Magistrate Judge Brown |

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
DEFENDANTS TO RESPOND TO WRITTEN DISCOVERY**

  The Defendants, IVANHOE CLUB, RAYMOND KONDZIELA, and TOM PRICHARD, by their attorney, Gregg Minkow of Hinshaw & Culbertson LLP, state as follows in opposition to the Plaintiffs' above-referenced Motion:

**SUMMARY OF RESPONSE**

  1. The Plaintiffs' Motion seeks to take advantage of a status hearing which was held *ex parte* because unbeknownst to the Court, notice of the hearing was never sent to defense counsel. Plaintiffs seek to supplement the Order which the Court entered at that status hearing to purportedly resolve a serious discovery disagreement of which Plaintiffs' counsel was aware at the time of the hearing, but of which he presumably chose not to inform the Court. In the process, Plaintiffs seek to bypass the standard process for court supervision and restriction of discovery aimed at identifying a potential class of plaintiffs under § 16(b) of the Fair Labor Standards Act, in a case which, as discussed below, is already demonstrably shaky on its merits.

  2. Among other things, the named Plaintiffs have not even made a sufficient initial showing that they have a claim in their own right, as required by the Seventh Circuit in order for

them to be able to represent a class under § 16(b) in the first place. The Motion is, at best, premature.

3. Finally, Plaintiffs' counsel misrepresents the content of his communications with defense counsel. Plaintiffs' counsel seeks to evade his responsibilities to meet with defense counsel under Rule 26(f) of the Federal Rules of Civil Procedure, and his conduct will unnecessarily increase the attorneys' fees for both sides in this case.

## SPECIFIC RESPONSES

4. While it is true that the Court held an initial status hearing on Tuesday, February 26, 2008, the reason defense counsel failed to appear is because he never received notice thereof. The status hearing was apparently set on January 10, 2008, with notice sent electronically to attorneys then of record, a little over a week before defense counsel timely filed his appearance and waived service of process. Plaintiffs' counsel never forwarded notice of the hearing to defense counsel, and defense counsel therefore was unaware of the February 26th hearing until he received electronic notice of the Order entered that day. (Still, to the extent defense counsel did not think to check the docket for a pending date upon filing his appearance, counsel apologizes to the Court.)

5. The Order of February 26, 2008, attached as Ex. A, says nothing about the Court granting permission to conduct discovery on matters going to class composition or any other matter. Furthermore, Plaintiffs' counsel apparently held the status hearing by means of a brief *ex parte* telephone conference with the Court, and no transcript was made of the hearing.

6. As a consequence of the foregoing, whatever significance Plaintiffs' counsel may wish to attach to his telephone conference with the Court, the Court apparently did not believe it had before it any contested discovery issue on which it was required to rule. This is significant, since in a letter faxed to Plaintiffs' counsel on February 22nd (attached as Ex. B), defense counsel

2

specifically requested a Rule 26(f) discovery conference, and pointed out that based upon an exchange of prior letters, a disagreement as to class discovery existed. If Plaintiffs thought the matter was ripe for determination by the Court, a motion properly seeking a determination of the issue, and a timely notice of motion, would have been appropriate.[1]

7.  As for the substance of the parties' disagreement on discovery – and contrary to Plaintiffs' contention – the sending of notices to potential class members under § 16(b) of the Fair Labor Standards Act, and the conduct of discovery to obtain a list of such plaintiffs, is not automatic. Rather, both discovery and the sending of notice are supervised by the court in a § 16(b) proceeding. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170-71 (1989).

8.  In such proceedings, employers are not universally required to provide the original plaintiffs with information identifying a potential class of additional plaintiffs; rather, employers are only required to provide such information in a proper case. *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 581 ("We have suggested there will be cases in which a plaintiff can properly use the discovery process to compel the employer to give him detailed information regarding other employees, potential joiners in the action.").

9.  Moreover, in order for the named Plaintiffs to conduct discovery aimed at identifying potential class members, it is not sufficient to merely allege, in conclusory fashion in the Complaint, that the named Plaintiffs' rights were violated as part of a pattern and practice affecting other employees. *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266-67 (D.Minn. 1991). Rather, there must be a more specific initial showing that the named Plaintiffs can support their individual claims, since a class representative "must have a cause of action in his

---

[1] Even upon receiving Ex. B, Plaintiffs' counsel never notified defense counsel of the status hearing which had been scheduled.

own right to bring a class action." *Vanskike v. Peters*, 974 F.2d 806, 813 (7th Cir. 1992), *cert. denied*, 507 U.S. 928 (1993).

10. In this regard, mere conclusory allegations that the named Plaintiffs worked "off-the-clock," without detailing the alleged dates, amount, and extent of that work, are insufficient to maintain a claim under either state or federal wage and hour laws. See *Gilbert v. Old Ben Coal Corp.*, 85 Ill. App. 3d 488, 494-95 (5th Dist. 1980); *Ponce v. Tim's Time, Inc.*, 2005 WL 2266604 (N.D.Ill.), at *3.[2]

11. Similarly, before class discovery and class notice may proceed, there must be a showing that the putative class members are "similarly situated" to the named Plaintiffs, in the sense of there being some initial showing that they, like the named Plaintiffs, were subjected to unlawful conduct by the employer. *O'Brien v. Morse*, 2002 WL 1290392 (N.D.Ill. 2002), at *2.

12. Moreover, where the defendants claim an exemption from coverage under the Fair Labor Standards Act, that issue must also be addressed before class discovery and class notice may proceed. See *O'Brien v. Morse, Id.*, at *1.

13. In this case, none of the prerequisites for proceeding with class discovery and class notice have been met.

14. First, even a cursory review of the Complaint (attached as Ex. C) shows that its allegations are wholly conclusory, and clearly insufficient to make an initial showing that the named Plaintiffs have a cause of action on their own behalf, or that a similarly-mistreated class of additional plaintiffs may exist.

15. Second, the Defendants' Answer (attached as Ex. D) includes a denial that the establishment in which the named Plaintiffs were employed – the golf course at Ivanhoe Club –

---

[2] Courtesy copies of all authorities will be separately provided to the Court.

is subject to the Fair Labor Standards Act, and that issue needs to be addressed before it is appropriate to require disclosure of information identifying a potential class under § 16(b) of the Act. See Ex. D, at pp. 11-12, Affirmative Defense No. 4.

16. Defendants' attorney sought more specific information from Plaintiffs' counsel, by letter dated February 6, 2008 (attached as Ex. E), in an effort to ascertain whether class discovery and notice might be warranted in this case, and to seek an early resolution of the case. However, Plaintiffs' counsel declined to provide it, instead demanding class discovery on the basis of the insufficient information appearing in the Complaint. See letter of February 11, 2008 from Plaintiffs' counsel, attached as Ex. F.

17. The named Plaintiffs' Disclosure Statement under Rule 26(a) of the Federal Rules of Civil Procedure, like the letter from their attorney, fails to provide any further information which might comprise the initial showing required before the named Plaintiffs can conduct class discovery. That Disclosure Statement, containing less than a full page of substance and attached hereto as Ex. G, contains no statement as to the hours supposedly worked "off-the-clock," no identification of any of the named Plaintiffs' co-workers who supposedly also worked off-the-clock, and no attempt to calculate alleged damages.

18. This is particularly disconcerting, since the letter from Plaintiffs' counsel (Ex. F) alleges that "our clients have provided us with a detailed description of time worked off the clock as well as the manner in which management accomplished a manipulation of the timekeeping process," and yet nothing approaching such information has been provided in the named Plaintiffs' Rule 26(a) disclosures.

19. As a result of the named Plaintiffs' failure in this case to provide anything but the barest of conclusory allegations, in either its Complaint or its Rule 26(a) disclosures, the Court

5

has insufficient evidence before it to properly order class discovery and notice as the named Plaintiffs would like to undertake.

20. In addition to the Seventh Circuit's admonition that parties who lack an individual claim should not be permitted to bring a claim on behalf of a purported class, there is another reason why the Court should be reluctant to order class discovery in the absence of an initial showing that a violation has occurred. Even under liberal federal pleading rules, a pleader "should not be entitled to make bare bones allegations and then utilize the discovery process to provide some credible basis for those allegations." *Weber v. Village of Hanover Park*, 768 F. Supp. 630, 640 (N.D.Ill. 1991), at fn. 8. Indeed, a pleader must first put forth some specific factual predicate before discovery may even commence on a particular issue. *Dudley Enterprise, Inc. v. Palmer Corp.*, 822 F. Supp. 496, 501 (N.D.Ill. 1993). That is particularly important where, as here, premature or inappropriate notice to members of a potential class may amount to nothing more than "stirring up litigation," in violation of the rules of ethical conduct which bind attorneys in most states. See *Woods, Id.*, at 686 F.2d 580.

21. In this case, there is evidence indicating that one of the named Plaintiffs (Rafael Gonzalez) has attempted to stir up such litigation by soliciting his own cousin to join the current lawsuit. The cousin reported this to his supervisor at Ivanhoe Club. A statement to that effect from the supervisor, Luis Gallo, tape-recorded with his permission, has been obtained, and a transcript thereof is being prepared. A statement from the cousin, Gabriel Gonzalez, also tape-recorded with his permission and denying that any hours were worked "off-the-clock," has also been obtained, and a transcript thereof is also being prepared.[3]

---

[3] Audio copies of the actual tape recordings are available currently and can be provided to the Court and opposing counsel.

22. The interview tapes also indicate that Plaintiff Gonzalez has made a persistent practice of suing employers; that Plaintiff Sanchez, rather than working undocumented time, actually missed a significant amount of his scheduled work time because of persistent medical complaints; and that Plaintiff Bello frequently left work early in order to attend to a second job, so that he, also, was working shorter hours than what other employees worked and were paid for. (Ivanhoe Club's records show that it regularly paid overtime, and that virtually all employees earned and were paid such overtime week after week.)

23. Defendants also have information that the present lawsuit may be part of a generalized raid that Plaintiffs' counsel is conducting against golf courses in the North Suburban area, despite the lack of even a hint of merit in his charges against Ivanhoe Club in this case.

24. Thus, it appears that the named Plaintiffs and their counsel are using class discovery in an effort to manufacture evidence of wrongdoing, after having filed their lawsuit initially without any evidence of such wrongdoing, for the apparent purpose of "stirring up litigation" and extorting money wrongfully from the Defendants.

25. With respect to whether the process for attempting to resolve discovery differences has been followed in accordance with Rule 12 of the Federal Rules of Civil Procedure and Local Rule 37.2, the named Plaintiffs' attorney has misspoken entirely in ¶¶ 3 and 4 of his Motion as to his communications with Defendants' attorney, and Defendants' supposed response to discovery.

26. It was Defendants' attorney who sought, by letter faxed to plaintiffs' counsel on February 22, 2008 (Ex. B), a conference pursuant to Rule 23(f) precisely for the purpose of placing the parties in a position to commence appropriate discovery. Defendants' attorney did not say, on February 28th or at any other time, that the Defendants refuse to respond to "any"

written discovery, but only that discovery for the purpose of forming a class under § 16(b) of the Fair Labor Standards Act was premature, for the reasons set forth above. Plaintiffs' counsel responded by saying that he "will not talk" to someone "the likes of" Defendants' attorney. Plaintiffs' attorney then abruptly hung up the telephone while Defendants' attorney was in mid-sentence, and Defendants' attorney never got the chance to say "file whatever motion [he] wanted," or words of similar effect. The whole conversation on February 28th lasted only a very few minutes, and was comprised mostly of Plaintiffs' counsel insulting defense counsel. The parties never held the discussion required by either Rule 26(f) or Local Rule 37.2.

27.  Moreover, the written discovery attached as Exhibit A to Plaintiffs' Motion, which Plaintiffs claim the Defendants' attorney said would not be responded to, was not in fact served upon Defendants' counsel as of the time of the telephone conference alleged in the Motion. The written discovery, which purports on its face to have been served by deposit in regular mail on February 27, 2008, had not even been received by Defendants' counsel as of the time of the phone call (it arrived by mail on February 29th, and first came to the attention of defense counsel through the Court's electronic case management system as part of the Plaintiffs' Motion). Thus, it was not possible for Defendants' attorney to have received and responded to that written discovery, negatively or otherwise, when counsel spoke, for the first time, on February 28th. The allegations of ¶¶ 3 and 4 of the Motion are simply false.

28.  As the named Plaintiffs did not serve their written discovery until at least February 27, 2008, it is premature and unfair under the Federal Rules of Civil Procedure, which grant thirty (30) days for a response, to require the Defendants to specify all of their objections to that written discovery in response to Plaintiffs' Motion, which has been brought before objections and responses are even due. All objections are therefore reserved.

WHEREFORE, Defendants pray that the Plaintiffs' Motion be denied at this juncture or, in the alternative, that Defendants be granted additional time within which to brief issues going to their claim of exemption under the Fair Labor Standards Act, and to provide transcripts of the employee statements referenced above, as well as affidavits and other evidence in support of their opposition to the Motion.

Respectfully Submitted,

IVANHOE CLUB, RAYMOND
KONDZIELA, and TOM PRICHARD,
Defendants

Gregg I. Minkow
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000
ARDC No.: 6181058            By:   s/Gregg I. Minkow
E-mail: gminkow@hinshawlaw.com            One of their Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2008, I electronically filed **Response in Opposition to Plaintiffs' Motion to Compel Defendants to Respond to Written Discovery** with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system which will send notification of such filings(s) to the following:

| | |
|---|---|
| John Billhorn | Michael C. Keberlein Gutierrez |
| Billhorn Law Firm | Legal Assistance Foundation of |
| 515 N. State Street, Suite 2200 | Metropolitan Chicago |
| Chicago, Illinois 60610 | 111 West Jackson, Suite 300 |
| E-mail: jbillhorn@billhornlaw.com | Chicago, Illinois 60604 |
| | mkeberle@lafchicago.org |

HINSHAW & CULBERTSON LLP

By:   s/ Gregg I. Minkow
      One of its Attorneys

Gregg I. Minkow
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000
ARDC No.: 6181058
E-mail: gminkow@hinshawlaw.com

9

6289240v5 798051