IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO BELLO, et al., ) | |
|        Plaintiffs, ) | Case No. 07 C 7121 |
| v. ) | Honorable Judge James B. Moran |
| IVANHOE CLUB, et al., ) | Magistrate Judge Brown |
|        Defendants. ) | Jury Demand |

### MOTION FOR RULE 16 CONFERENCE AND OTHER RELIEF

The Defendants, IVANHOE CLUB, RAYMOND KONDZIELA, and TOM PRICHARD, by their attorneys, Gregg Minkow and David Levitt of Hinshaw & Culbertson LLP, respectfully request a conference among the parties' attorneys and the Court under FRCP 16 to discuss and attempt to resolve discovery issues, and in support thereof state as follows:

1. On March 11, 2008, Defendants served notices for the depositions of the named Plaintiffs. The depositions were scheduled for one hour each, back-to-back, taking up a single morning on March 20, 2008.

2. One of Plaintiffs' attorneys, John Billhorn, responded to the notices on March 11, 2008, with the electronic mail message attached hereto as Ex. A. That message discussed Mr. Billhorn's unavailability the week of March 17th, but indicated he was available at other times during the 3-week period between March 11th and the end of the month.

3. Defendants' attorney responded with two e-mail messages the evening of March 11th, proposing alternative dates for the depositions. These included a proposal to briefly extend both sides' discovery for mutual convenience. Plaintiffs' attorney responded on March 12, 2008 with Ex. B, which states in relevant part as follows:

> "I had, a few days ago, invited you to give me a response deadline that you could deal with, but you didn't respond to that email. So by our

> calculations, Defendants' responses are due 3/28. *Once I have those responses and can review the material, I will get to you alternative deposition dates for the Plaintiffs. I note that we presently have your clients set for deps on 4/11, and by my measure of things, those will go first. But I suppose you might take another crack at Judge Moran on that, right?*" (Emphasis added.)[1]

4. Plaintiffs' position appears to be that they should be allowed to complete all of their discovery before Defendants may obtain their preferred form of discovery from the Plaintiffs. This is contrary to Federal Rule of Civil Procedure 26(d), stating in relevant part:

> "[T]he fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery."

5. The Defendants are at a distinct and unfair disadvantage in this case as a result of Plaintiffs' refusal to appear for depositions, prior to the submission of written discovery responses by the Defendants. As the Court noted in its Memorandum Opinion of March 6, 2008 (Ex. C), when ruling on Plaintiffs' motion to compel, the Plaintiffs have given the Defendants little information about their case on the basis of which to understand the claims they are called upon to defend. As things now stand, the Defendants cannot determine, with any degree of confidence, what documents or witnesses are relevant to the allegations against them, since the who, how, and when of the alleged misconduct does not appear in either the Complaint or the Rule 26(a)(1) disclosures submitted by the Plaintiffs. Neither are Defendants in a fair position, under these circumstances, to prepare themselves to be deposed by the Plaintiffs' attorneys.

6. Defendants' counsel, Gregg Minkow, left Mr. Billhorn a voicemail message on March 12th asking to discuss the matter further. Plaintiffs' counsel responded, in Ex. D hereto, that he is unwilling to communicate with Defendants' counsel in person or by telephone as required by FRCP 12 and Local Rule 37.2.

---

[1] Defendants' written discovery responses are actually due March 31st, not March 28th as stated in Ex. B.

2

7. Ex. D is unclear as to Mr. Billhorn's availability, but continues to advocate pushing the Plaintiffs' depositions out until Plaintiffs' discovery is completed.

8. Mr. Billhorn is not the Plaintiffs' only attorney of record, and Defendants offered to be flexible in choosing deposition dates. A mutual accommodation is therefore possible, but the Plaintiffs have rejected Defendants' proposals, without offering an alternative that meets both parties' legitimate objectives.

9. The parties are at impasse regarding the sequence of discovery, and the Court's intervention is needed in order to resolve the matter.

10. In addition, in Ex. D, Plaintiffs assert a position that the Court's prior order prohibits the Defendants from interposing any objections to written discovery. While Ex. C overruled Defendants' general objection that class discovery was premature, it does not appear intended to preclude any other objections to Plaintiffs' written discovery. Defendants did not receive that discovery until February 28, 2008, a mere three business days before the Court heard the motion to compel, and they did not have a reasonable opportunity to formulate objections. At the conference requested herein, Defendants ask for clarification of the Court's intent as to Ex. C.

WHEREFORE, Defendants request a conference among the parties' counsel and the Court, pursuant to FRCP 16 or other applicable rules, to discuss discovery scheduling; an order staying discovery responses from either party until the conference is held; and such other relief as the Court deems reasonable and just in accordance with applicable rules of law and equity.

| | |
|---|---|
| Gregg I. Minkow<br>Hinshaw & Culbertson LLP<br>222 N. LaSalle, Suite 300<br>Chicago, IL 60601<br>312-704-3000<br>ARDC No.: 6181058<br>E-mail: gminkow@hinshawlaw.com | Respectfully Submitted,<br><br>IVANHOE CLUB, RAYMOND<br>KONDZIELA, and TOM PRICHARD,<br>Defendants<br><br>By: s/Gregg I. Minkow<br>　　　　One of their Attorneys |

## CERTIFICATE OF SERVICE

    I hereby certify that on March 13, 2008, I electronically filed Defendants' **Motion For Rule 16 Conference And Other Relief** with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system which will send notification of such filings(s) to the following:

| | |
|---|---|
| John Billhorn | Michael C. Keberlein Gutierrez |
| Billhorn Law Firm | Legal Assistance Foundation of |
| 515 N. State Street, Suite 2200 | Metropolitan Chicago |
| Chicago, Illinois 60610 | 111 West Jackson, Suite 300 |
| E-mail: jbillhorn@billhornlaw.com | Chicago, Illinois 60604 |
| | mkeberle@lafchicago.org |

                                    HINSHAW & CULBERTSON LLP

                                    By:  s/ Gregg I. Minkow
                                            One of its Attorneys

Gregg I. Minkow
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000
ARDC No.: 6181058
E-mail: gminkow@hinshawlaw.com