# Exhibit C



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO BELLO, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 07 C 7121 |
| ) | |
| IVANHOE CLUB, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

Three plaintiffs have brought suit to recover for alleged Fair Labor Standards Act violations. They seek discovery so as to identify and notify possible "opt-in" class members. Defendants resist that discovery, considering it premature. We disagree. The motion to compel is granted.

There is a "chicken or an egg" quality to all this. Defendants believe that the named plaintiffs should have to provide some evidence of meritorious claims before defendants (and we are really talking about the employer) have to provide information about others. And they cite cases that provide some language that supports (at least a little) that contention. But here the employer provides services to a golf course, a very small universe, and defendants admit that the plaintiffs were hourly employees during the relevant time periods, and that there were other such employees as well. We think that is, for now, enough to trigger an obligation to provide opt-in information. We note that defendants deny that the employer is subject to the Act but we are not advised why they so conclude.

Both sides, commendably, indicate an interest in early resolution. And, clearly, plaintiffs must provide far more information than they have yet provided in order for

No. 07 C 7121                                                                                          Page 2

defendants to make any meaningful judgment about settlement. But that should not hold up class discovery.

                                                    _____
                                                    JAMES B. MORAN
                                                    Senior Judge, U. S. District Court

March 6, 2008.