IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO BELLO, MIGUEL SANCHEZ, AND RAPHEAL GONZALEZ, on behalf of themselves and all other plaintiffs known and unknown, <br><br> Plaintiffs <br><br> v. <br><br> IVANHOE CLUB, RAYMOND KONDZIELA, INDIVIDUALLY, AND TOM PRICHARD, INDIVIDUALLY <br><br> Defendants | No. 07 CV 7121 <br><br> Honorable Judge Moran <br><br><br> *JURY DEMAND* |

PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION FOR RULE 16 CONFERENCE AND OTHER RELEIF

**NOW COMES** Plaintiffs, and for their response to Defendants' Motion For Rule 16 Conference And Other Relief, states as follows:

1.  Previously, defense attorney Gregg Minkow make it clear that he would not answer Plaintiffs' written discovery short of an order from this Court.  It thus became necessary for Plaintiffs to file their Motion to Compel, and on March 6, 2008 this Court entered the Order requested.

2.  This Motion practice before the court is completely unnecessary, but Mr. Minkow refuses to relent and again has filed a Motion attempting to avoid a very simple first stage of written discovery.  Mr. Minkow asserts that Defendants are left in a unique predicament by having been sued for failure to properly compensate the Plaintiffs, all Hispanic landscape workers, but yet are being required to respond to written discovery

regarding the allegations.  Plaintiffs submit that Defendants are in no predicament at all and the sequence to date is common and ordinary in any federal court proceeding.

3.  In attempts to schedule depositions in the case, Plaintiffs counsel has informed Mr. Minkow that several of the dates in the immediate future are unavailable to either Plaintiffs' counsel or Plaintiffs.  Plaintiffs' counsel has further TWICE offered Mr. Minkow the week of April 14, 2008, at his convenience, for the deposition for at least one, perhaps two, of the Plaintiffs, and has further informed Mr. Minkow that one of the Plaintiffs is currently out of the country and that information is being sought at to the timing of his return.  See March 17, 2008 and March 21, 2008 emails from Attorney Billhorn to Mr. Minkow attached as **Exhibit A** and **Exhibit B** respectively.

4.  Mr. Minkow's attempt at reasonableness and his obligations under Local Rule 37.2 was to respond by email to Plaintiffs' counsel demanding "(i) the names of the cases with which each of you claims to be so engaged, and (ii) the names of the opposing attorneys in those cases with whom each of you claims to be so occupied, during that time period, as well as (iii) the specific dates and times at which you were already scheduled, as of March 11th, for depositions and hearings in those other cases."  See March 17, 2008 email from Minkow to Attorney Billhorn, attached as **Exhibit C.**

5.  It important to note that to date, Mr. Minkow has issued NO WRITTEN DISCOVERY to Plaintiffs, which rather than filing repeated discovery Motions, is the more traditional way of discovering the details of a claim.

6.  Plaintiffs' complaint, which is attached hereto as **Exhibit D,** evidences that the allegations made by Plaintiffs are not anywhere near as obscure as Defendant is trying to make the Court believe.  And even if the allegations were that obscure or vague, the remedy for Defendant would have been to file a Motion For A More Definite Statement under

FRCP 12. But Mr. Minkow apparently concluded that he possessed a sufficient good faith basis to make the general denials he did. Specifically, the crux of Plaintiffs' claims are set out in paragraphs 10-11 of Section V, wherein Plaintiffs allege simply that they were required to perform work off the clock for which they were not paid, and that had those hours been properly counted as work hours, Plaintiffs in many instances would have been entitled to time and one half their regular hourly wage. Paragraph 13 of Plaintiffs' Count I says the same again. Mr. Minkow, whose signature appears on the complaint in apparent compliance with Rule 11, had sufficient information to make the denials he made to all three of those paragraphs.

7. Plain and simple, this case is about hours of work performed by these Plaintiffs for the benefit of Defendants for which Defendants have refused and failed to pay. Plaintiffs' counsel, having practiced in this federal court with hundreds of wage and hour cases over the last 20 years, can attest to the fact that his is not a novel allegation or an unique occurrence to find Hispanic landscaping workers being taken advantage of with regard to hours worked and wages earned. Admittedly, whether that has happened in this case has yet to be proven. It is the discovery process, which Mr. Minkow so urgently resists, that will prove the or disprove the allegations.

8. Mr. Minkow acknowledges in the affirmative defenses he drafted and postured that he is astutely aware of the precise nature of Plaintiffs' claims. See **Exhibit D**, affirmative defense No. 3, wherein Mr. Minkow states on behalf of his client "[I]f Plaintiffs worked any uncompensated hours, it was without the knowledge and without the consent of defendants" (which, as will be shown, is really no defense at all under the FLSA).

9. With regard to the discovery sequence, again defense counsel misrepresents the issues at hand. In its Motion, Defendant asserts that the "Defendants are at a distinct and unfair disadvantage in this case as a result of Plaintiffs' refusal to appear for depositions prior to the submission of written discovery responses by Defendants". Plaintiffs' counsel has offered April 14 for one of the Plaintiff's depositions, but this does not suit Mr. Minkow. In an email response to Plaintiffs' counsel declining the offered deposition date, Mr. Minkow asserted he is being "required to stumble through discovery blindly" and that by serving and requiring the answers to written discovery prior to Plaintiffs being produced for deposition, Plaintiffs are failing to "accommodate the defendants' legitimate interests". See Minkow email to Attorney Billhorn, dated March 21, 2008 attached hereto as **Exhibit E**.

10. On March 11, Mr. Minkow submitted Rule 26(a)(1) disclosures which lists no less than *18 witnesses* which he believes possess pertinent information regarding Plaintiffs' claims. A review of the subject matter of those witnesses indicates that these witnesses purportedly know just about everything about the case and the Plaintiffs, including but not limited to:

- the process of recording time at the employer's place of business;
- the attendance record of the named Plaintiffs;
- the landscaping workers' work schedules;
- the nature of the Plaintiffs' work;
- the travel practices of the names Plaintiffs;
- procedures for landscape workers clocking in and out
- and perhaps most interesting, a "separate" landscaping business which "employed" certain Plaintiffs during their "off hours";

11. The Rule 26 Disclosures also offer various sets of documents plus audio recordings of other landscape workers, all of which are purportedly pertinent to the case. Yet, despite all of this information, investigation, interview, sworn answers and affirmative

defenses, Mr. Minkow asserts to this Court that his client will be put at a disadvantage unless this court disrupts the ordinary sequence of written discovery going forward first, and ORDERS Plaintiffs to be submitted early for oral discovery.  Defense counsel's repeated irrational and unreasonable attempts to disrupt discovery in this case and unnecessarily increase the cost of this litigation should be dealt with swiftly by this Court.  Defendant should be ordered, again, to answer the outstanding written discovery, respond to Plaintiffs' counsel's attempt to schedule the depositions of Plaintiffs the second week of April, and defense counsel Gregg Minkow should be sanctioned by this Court for the abusing the discovery process as he has.  Plaintiffs should be awarded their reasonable attorney's fees for both the time incurred responding to this Motion as well as the original Motion this Court granted ordering Defendant to answer the discovery at issue.

**WHEREFORE,** Plaintiffs request this Court to enter an order requiring Defendant to answer the out standing written discovery, respond to Plaintiffs' counsel's attempt to schedule the depositions of Plaintiffs the second week of April, defense counsel Gregg Minkow should be sanctioned by this Court for the abusing the discovery process as he has, and for such other relief as the Court deems appropriate under the circumstances.

        Respectfully Submitted,

        s/ John W. Billhorn

        *Electronically Filed 3/24/2008*

        _____

        John W. Billhorn

John W. Billhorn
Billhorn Law Firm
515 N. State Street / #2200
Chicago, IL 60610
(312) 464-1450

5